**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| LEON WALTERMAN,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 12-CV-18-LRR<br>No. 10-CR-53-LRR<br><br>**ORDER** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . 1*

*II. EVIDENTIARY HEARING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2*

*III. ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3*

    *A. Knowing and Intelligent Guilty Plea. . . . . . . . . . . . . . . . . . . . . . . . . 4*
    *B. Alleged Factual Innocence on Money-Laundering Count. . . . . . . . . . 5*
    *C. Sentencing Guidelines Calculations. . . . . . . . . . . . . . . . . . . . . . . . . 6*
    *D. Amount of the Movant's Earnings. . . . . . . . . . . . . . . . . . . . . . . . . 7*
    *E. Sentencing Factors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8*
    *F. Cumulative Effect. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9*
    *G. Failure to Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9*

*IV. CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10*

*I. INTRODUCTION AND PROCEDURAL HISTORY*

    The matter before the court is Leon Walterman's ("the movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion") (civil docket no. 1). The movant filed the motion on January 31, 2012. On April 26, 2012, the movant moved to amend the motion (civil docket no. 4), and on April 27, 2012, the court granted the motion to amend. *See* April 27, 2012 Order (civil docket no. 5). On February 28, 2013, the court directed the government to brief the claims that the movant included in the

motion. *See* February 28, 2013 Order (civil docket no. 6) at 1. On March 15, 2013, Jan Mohrfeld Kramer, the movant's defense attorney, filed an affidavit (civil docket no. 8) and on April 24, 2013, Kramer filed a supplemental affidavit (civil docket no. 9). On May 3, 2013, the government filed a resistance to the motion (civil docket no. 12). On May 21, 2013, the movant filed a reply to the government's resistance (civil docket no. 14).

## II. EVIDENTIARY HEARING

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve most of the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought on all of his claims except his failure to file a notice of appeal claim. Specifically, it indicates that, except for his failure to file a notice of appeal claim, the movant's assertions fail because counsel represented the movant in a manner that comports with the requirements of the Sixth Amendment. As such, the court finds that there is only a need to conduct an evidentiary hearing on the movant's failure to file a notice of appeal claim.

### III. ANALYSIS

The court concludes that counsel's conduct fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Thus, the movant has failed to establish an ineffective assistance of counsel claim. *See id.* at 687 (holding that, to establish an ineffective assistance of counsel claim, the movant must first "show that counsel's performance was deficient" and then "show that the deficient performance prejudiced the defense"); *see also Morelos v. United States*, 709 F.3d 1246, 1249-50 (8th Cir. 2013) ("To succeed on a claim of ineffective assistance of trial counsel, a defendant must prove 1) [the defendant's] attorney's performance was . . . deficient . . . and 2) [the defendant] suffered such prejudice stemming from the deficient performance there is a reasonable probability the proceeding would have had a different result." (citing *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001))).

In the motion and memorandum in support of the motion (civil docket no. 1-1), the movant makes several specific claims to support his contention that the court should vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The movant alleges that his attorney, Jan Mohrfeld Kramer ("Kramer"): (1) advised him to enter a guilty plea that was not knowing or intelligent; (2) failed to advise him on his alleged factual innocence on the money-laundering count; (3) failed to challenge enhancements in the guideline calculation on the money-laundering count; (4) failed to challenge calculation of his annual earnings at sentencing; (5) failed to argue several 3553(a) factors; (6) was ineffective through the cumulative effect of issues 1-5; and (7) failed to file an appeal on issues 1-6. The court will address each of these arguments in turn.

### A. *Knowing and Intelligent Guilty Plea*

First, the movant claims that his guilty plea was not knowing and intelligent. Specifically, the movant contends Kramer was ineffective because she failed to inform the movant of the specific charges against him and the charges' essential elements, failed to ascertain the best plea that the prosecution was prepared to offer, failed to analyze strategic options that were available to the movant, failed to inform the movant of potential benefits of alternate options and failed to inform the movant of the existence of Rule 11(c)(1)(C). Memorandum in support of motion at 4-5.

The movant cannot show that he unknowingly and involuntarily pled guilty. The record shows that the movant was informed of the elements of the charges against him. *See* Affidavit of Jan Mohrfeld Kramer (civil docket no. 8 ) at 6-8; Plea Hearing Transcript (criminal docket no. 36) at 13-19. Further, at the change of plea hearing, the court informed the movant of the crimes and their elements, and the movant indicated that he understood. Plea Hearing Transcript at 13-19. Additionally, the movant is unable to show that Kramer's "advice [fell outside] the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v.*

4

*Richardson*, 397 U.S. 759, 771 (1970)) (internal quotation marks omitted). Specifically, Kramer attests that she underwent extensive plea negotiations with the government, analyzed all of the strategic options available and discussed all of the options with the movant. *See* Affidavit of Jan Mohrfeld Kramer at 8-9. Further, Kramer attests that she was "aware that the U.S. Attorney's Office in the Northern District of Iowa rarely agrees to plea agreements pursuant to [Federal Rule of Criminal Procedure] 11(c)(1)(C)." *Id.* at 10. This strategic decision to not pursue a Rule 11(c)(1)(C) plea agreement clearly falls within "the range of competence demanded of attorneys in criminal cases." *Lockhart*, 474 U.S. at 56 (quoting *McMann*, 397 U.S. at 771) (internal quotation marks omitted). Thus, the court finds that the movant has not shown that Kramer's performance was deficient. Furthermore, the movant has not established a reasonable probability that, but for counsel's allegedly deficient performance, he would not have pled guilty. *See id.* at 59. Therefore, this claim fails for the additional reason that the movant has failed to show prejudice. *See United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011) (noting that counsel's strategic choices at trial are "virtually unchallengeable" (quoting *Strickland*, 466 U.S. at 690)).

### B. *Alleged Factual Innocence on Money-Laundering Count*

Second, the movant argues that Kramer was ineffective because she failed to advise the movant of his alleged factual innocence on the money-laundering count. Specifically, the movant argues that Kramer failed to advise him that money-laundering proceeds under the statute are calculated as profits rather than gross receipts. However, as detailed in her affidavit, Kramer believed that the movant's case was more analogous to *United States v. Rubashkin*, 655 F.3d 849 (8th Cir. 2011) than to *United States v. Santos*, 553 U.S. 507 (2008). *See* Affidavit of Jan Mohrfeld Kramer at 12-13. Because Kramer's reliance on *Rubashkin*—an Eighth Circuit case interpreting *Santos*—fell within the wide range of

5

reasonable professional assistance, Kramer's performance was not deficient for failing to inform the movant of his alleged factual innocence.

### C. Sentencing Guidelines Calculations

Third, the movant argues that Kramer was ineffective for failing to challenge the United States Sentencing Guidelines calculation of the movant's total offense level on the money-laundering count. Specifically, the movant contends that he should not have received either a two-level enhancement for more than ten victims on the money-laundering count or a four-level enhancement for being an organizer or leader on the money-laundering count. *See* Memorandum in Support of Motion at 12-13.

The movant is mistaken about how the offense level was calculated for the two-level enhancement on the money-laundering count. Pursuant to USSG §2S1.1, the base offense level for money laundering is the offense level for the underlying conduct, with Chapter Three adjustments determined based on the laundering of criminally derived funds. The underlying conduct in the movant's case was scored at an offense level of 31, which was calculated without using any victim-related adjustment pursuant to Chapter Three. *See* Presentence Investigation Report (criminal docket no. 22) at 35-38. On the money-laundering count, the two-level enhancement was added under USSG §2S1.1(b)(2)(B), which provides that "[i]f the defendant was convicted under 18 U.S.C. § 1956, increase by 2 levels." *Id.* at 38; USSG §2.1(b)(2)(B); *see also* Sentencing Transcript (docket no. 33) at 9 (applying a "[t]wo level increase [for conspiracy to commit money laundering] because defendant was convicted under 18 U.S.C. 1956"). Because the court calculated the movant's offense level correctly, Kramer was not ineffective for failing to object to the correctly calculated offense level, because any such objection would have been futile.

Turning to the role-in-the-offense enhancement, the record shows that Kramer was not ineffective for failing to object to this enhancement. Kramer asserts that, in her opinion, "we did not have a viable argument to dispute [the role-in-the-offense]

6

enhancement" because the Presentence Investigation Report "identified the participants in the offense to include: [the movant], Allen Scott, Donna Zmolek, Gary Miller, Allan Wulf, Lee Prunty and the other Walterman Implement employees who facilitated the instant federal offense." Affidavit of Jan Mohrfeld Kramer at 17; *see also* Presentence Investigation Report at 38. Because the movant's offense level properly included a four-level enhancement for role in the offense pursuant to USSG §3B1.1(a), the movant has not shown that Kramer's "advice [fell outside] the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)) (internal quotation marks omitted).

### D. *Amount of the Movant's Earnings*

Fourth, the movant argues that Kramer was ineffective at sentencing because she did not supply the court with accurate information regarding the movant's earnings. Specifically, the movant argues that he only made approximately $90,000 per year as reflected in the Social Security Administration records, rather than the $400,000 to $600,000 that the court considered at sentencing. The movant then claimed that he "received a total of $877,920 over the seven . . . year period in question." Reply at 5. Regardless of the amount, the movant argues that Kramer was ineffective because she failed to object.

Kramer provided effective assistance to the movant at sentencing. As stated in the Presentence Investigation Report, the movant was earning "between $500,000 and $600,000 per year at the time [his] business closed." Presentence Investigation Report at 42. The movant had the opportunity to challenge this total as inaccurate, but instead represented to the court that the report was accurate. Sentencing Transcript at 8. Further, Kramer asserts that the discrepancy arises because the movant "earned more than the maximum income from which social security contributions would have been withheld." Affidavit of Jan Mohrfeld Kramer at 18. Accordingly, the court finds that Kramer did not

7

perform deficiently. In addition, the court finds that the movant has neither alleged nor shown prejudice resulting from Kramer's alleged ineffectiveness, as confidence in the outcome has not been undermined. *See Cochran v. Dormire*, 701 F.3d 865, 869 (8th Cir. 2012) ("To show prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" (alteration in original) (quoting *Strickland*, 466 U.S. at 694)). Even if the movant's income was only in the range of $90,000 per year, the court is not persuaded that a difference sentence would have resulted.

### *E. Sentencing Factors*

Fifth, the movant argues that Kramer failed to adequately address the sentencing factors at 18 U.S.C. § 3553(a). Specifically, the movant argues that Kramer did not attempt to persuade the court that the movant: (1) became a productive member of the community; (2) ceased criminal conduct before he was charged; and (3) should have been sentenced in conformity with national averages for similar offenses.

However, Kramer addressed the fact that movant ceased criminal activity and became a productive member of society in both a sentencing memorandum and at the sentencing hearing. *See* Defendant's Sentencing Memorandum (criminal docket no. 26) at 6-8; Sentencing Transcript at 20-22. Additionally, Kramer attests that she "did not present the [c]ourt with nationwide statistics on sentencing terms for fraud related offenses nor did [she] argue for a variance below the applicable guideline range" because she "did not believe either argument would be effective." Affidavit of Jan Mohrfeld Kramer at 19. Kramer further believed that "making an argument for a variance below the guideline range . . . could reduce the chance that the [j]udge would adopt the agreement of the parties and sentence [the movant] at the bottom of the range." *Id.* This type of strategic choice, "made after thorough investigation of law and facts relevant to plausible options[,]

8

[is] virtually unchallengeable." *Strickland*, 466 U.S. at 690. Further, none of the movant's sentencing arguments persuade the court that a different sentence would have resulted. Accordingly, the movant has failed to show either deficient performance or prejudice.

### *F. Cumulative Effect*

Sixth, the movant argues that "[t]he cumulative effect of counsel's numerous errors resulted in ineffective assistance of counsel." Memorandum in Support of Motion at 30. However, because the Eighth Circuit does not recognize the cumulative-effect theory, the court finds that this argument is without merit. *See United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief." (citing *Middleton v. Roper*, 455 F.3d 838, 821 (8th Cir. 2006))).[1]

### *G. Failure to Appeal*

Seventh, the movant argues that Kramer's counsel was ineffective because she did not appeal the above issues. To be entitled to relief for failure to file an appeal, the movant "must have made 'manifest' [the movant's] desire to appeal by expressly instructing [the movant's] attorney to appeal." *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012) (citing *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). Here, the movant has alleged that he told his attorney to file an appeal and she failed to do so. However, Kramer's supplemental affidavit states that "[f]ollowing the sentencing hearing, [the movant] did not request that I file an appeal." Supplemental Affidavit of Jan Mohrfeld Kramer (civil docket no. 9) at 2. Further, the court notes that it advised the movant of his right to appeal during the change of plea hearing and the sentencing hearing, and a fair assessment of the sentencing hearing indicates that the movant fully expected the sentence that he received and appreciated counsel and the work

---

[1] The movant has since withdrawn this argument. *See* reply at 24.

that she had done. Despite the evidence showing that the movant did not desire an appeal, the court finds that it must assess the credibility of counsel and the movant pursuant to a hearing. Absent the movant withdrawing his claim, the court must conduct a hearing. An affidavit from counsel will not suffice.

## IV. CONCLUSION

The court thoroughly reviewed the record and finds that the denial of the motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The movant's claims, with the possible exception of his failure to file a notice of appeal claim, do not justify relief.

The court concludes that the movant knowingly and voluntarily pled guilty pursuant to an agreement that he and the government entered into in June 2010. Plea Agreement (criminal docket no. 6-1); *Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on a conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'" (quoting *United States v. Vaughan*, 13 F.3d 1186, 1188 (8th Cir. 1994))); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). Further, the court appropriately sentenced the movant. The court's application of the advisory sentencing guidelines violates no constitutional right. *See United States v. Villareal-Amarillas*, 562

F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)); *United States v. Garcia-Gonon*, 433 F.3d 587, 593 (8th Cir. 2006) (finding challenges based on the Fifth Amendment and the Sixth Amendment to be unavailing because sentence-enhancing facts need only be found by a preponderance of the evidence and uncharged relevant conduct may be considered so long as the sentence does not exceed the statutory maximum for the offense); *cf. Alleyne v. United States*, 133 S. Ct. 2151, 2158 (2013) (requiring a jury to find facts that increase a mandatory minimum sentence beyond a reasonable doubt).

In sum, all of the alleged errors except the failure to file a notice of appeal claim do not warrant relief under 28 U.S.C. § 2255. The movant's claims are without merit. Accordingly, they shall be dismissed. With respect to the remaining failure to file a notice of appeal claim, the court deems it appropriate to conduct an evidentiary hearing.[2]

**IT IS THEREFORE ORDERED**:

(1) Except for the failure to file a notice of appeal claim, the movant's claims are dismissed.

(2) A hearing is scheduled to commence at 8:30 a.m. central time on November 5, 2013. The movant is directed to participate in the hearing via telephone. Additionally, the clerk's office is directed to appoint CJA counsel to represent the movant. Appointed counsel is directed to notify the court of the name of the movant's counselor and the telephone number where he or she can be reached at least five days prior to the evidentiary hearing. The clerk's office is directed to send a copy of this order to the movant.

---

[2] Before proceeding with his failure to file a notice of appeal claim, the movant should fully discuss with appointed counsel the record and the fact that he will be required to testify under oath.

**DATED** this 8th day of October, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA